IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RANDEEP SINGH MANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-15-1285-D |
| v. | ) | |
| | ) | |
| WARDEN, GRADY COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

On November 18, 2015, Plaintiff's cause of action originally filed in the United States District Court for the Southern District of Indiana was ordered transferred to this Court. Order (Doc. # 3). In his Complaint filed November 12, 2015, Plaintiff, a federal prisoner appearing *pro se*, seeks damages for alleged constitutional deprivations pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), against Defendants "Grady County Jail - Warden (Name Unknown);" "Clinical Director (Name Unknown;" "Health Services Administrator (Name Unknown);" "Lieutenants (Names Unknown);" and "Nurses (Names Unknown)." Following transfer of the action to this Court, the matter was referred by United States District Judge DeGiusti to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

On November 23, 2015, an Order was entered directing Plaintiff to cure the deficiency in his filing by either submitting an application seeking leave to proceed *in forma pauperis*

1

or paying the filing fee on or before December 11, 2015. Plaintiff was also advised that if he failed to comply with the Order the undersigned would recommend dismissal of the action without prejudice and without further notice.

To this date, Plaintiff has not applied for *in forma pauperis* status, paid the required initial partial filing fee, or sought an extension of time to do so. Nor has Plaintiff submitted an explanation for not complying with the Court's Order.

Based on the foregoing, the undersigned recommends that the action be dismissed without prejudice. See Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002)("The Federal Rules of Civil Procedure authorize sanctions, including dismissal . . . for failing to comply with court rules or any order of the court, *see* Fed. R. Civ. P. 41(b)"). See also Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe County Justice Ctr., 492 F.3d 1158, 1161 n. 2, 1162 (10th Cir. 2007)(*sua sponte* dismissal for failure to comply with court's orders permitted under federal rules, and court need not follow any particular procedures in dismissing action without prejudice for failure to comply).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED without prejudice. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by       January 11th, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.

Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   22nd   day of   December  , 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE